UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Industrial Tower
and Wireless, LLC

   v.                                    Civil No. 08-cv-122-JL
                                         Opinion No. 2010 DNH 180
Town of Epping and
Jane Burley

**MEMORANDUM ORDER**

Industrial Tower and Wireless, LLC ("ITW") and the Town of Epping jointly move to "enforce" this court's order approving their settlement of ITW's claim that the Town violated the Telecommunications Act of 1996 ("TCA") by denying ITW a permit to construct a cellphone tower. The settlement provided that the permit would issue subject to certain additional conditions. ITW and the Town now seek to enjoin Jane Burley (who had intervened in this case prior to the settlement agreement, but did not join in it) and one Peter Dubrava (who was never a party here) from challenging the permit in state court.

This court has subject-matter jurisdiction to consider the motion to enforce the order approving the settlement agreement under the doctrine of ancillary jurisdiction. Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006) (ruling that an order approving a settlement agreement conveyed jurisdiction to enforce it) (citing

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994)). As Burley points out, however, this court lacks the authority to enjoin her or Bruvara from pursuing state-court proceedings by virtue of the Anti-Injunction Act, 28 U.S.C. § 2283, so the motion is denied.

I.  **Background**

This case began when ITW challenged a decision by the Town's planning board denying it a permit for the cellphone tower as a violation of the TCA, see 47 U.S.C. §§ 332(a)(7)(B)(i)(II) and 332(a)(7)(B)(iii), and sought judicial review of the decision under New Hampshire law, see N.H. Rev. Stat. Ann. § 677:15. Burley, who owns property abutting the site of the proposed tower, promptly filed a motion to intervene, which the court granted over ITW's objection. See Order of Sept. 30, 2008. Dubrava, though, never filed a motion to intervene or otherwise participated in this case, so far as the record indicates.

Following substantial motion practice, ITW and the Town filed a joint motion asking the court to "[a]pprove and order the implementation of the following terms of settlement" to which they had agreed, i.e., that the permit for the tower would issue subject to specified conditions. ITW and the Town noted, however, that Burley purported to object to the settlement. So the court ordered her "to file a memorandum regarding her

continued standing in this matter following such a settlement under applicable law." Order of Mar. 9, 2010.

Burley argued in response that the settlement failed to comply with New Hampshire law, chiefly because it called for the issuance of a permit without a public hearing in violation of the state's open meeting law, N.H. Rev. Stat. Ann. § 91-A:2, II. In granting the motion to approve the settlement over Burley's objection, this court ruled that it "need not resolve [that argument] in order to enter the judgment[] that the provider[] and the town[] [has] requested." Indus. Tower & Wireless, LLC v. Town of Epping, 2010 DNH 081, 11. The court explained that it normally does not inquire into the litigants' legal authority to reach a particular settlement of a pending action, and had been provided with no case law suggesting that such an inquiry was necessary here. Id. at 11-12. Thus, this court "expresse[d] no views on the merits" of Burley's state-law arguments. Id. at 11. The court also ruled that it could enter final judgment in this case based on the settlement, because Burley conceded "that if the Town and ITW have, in fact, reached a valid and enforceable settlement of this dispute, then there is no need for her claims to continue in this forum," and she did not identify "what those claims are or whether they were ever presented here." Id. at 5.

Following entry of the judgment, ITW commenced construction activities at the tower site in June 2010. Dubrava, who owns

property abutting the site, responded by filing an action against ITW and the Town in Rockingham County Superior Court. See Peter M. Dubrava v. Town of Epping *et al.*, No. 10-cv-452 (N.H. Super. Ct. June 11, 2010). The action seeks a declaration that "the purported issuance" of the permit is void because it occurred in violation of New Hampshire law, specifically N.H. Rev. Stat. Ann. §§ 91-A:2, 676:3, and 676:4, and an injunction barring ITW and the Town "from taking any action pursuant to the invalid permit."

On July 1, 2010, Dubrava filed a motion for a preliminary injunction in the state-court action, seeking to prevent further construction of the tower. On that same day, ITW and the Town filed the present "verified" motion in this court to enjoin Dubrava--and Burley--from challenging the permit in state court, including by seeking an injunction "that would interfere with, burden or otherwise impair performance in accordance" with this court's order approving the settlement agreement.

Burley filed an affidavit in support of Dubrava's motion for a preliminary injunction in the state-court suit, and he is represented by the same counsel there as she is here, but she nevertheless swears that Dubrava had no role in her litigation of the case here, and she likewise "do[es] not control [his] actions" in the case there. To contradict this, ITW and the Town have submitted only statements in their verified motion that Burley "solicited" Dubrava to serve as the plaintiff in the

state-court action, "to be funded exclusively by Ms. Burley," and that Dubrava has since "disclosed to ITW the true nature of his and Ms. Burley's involvement." These statements are verified by ITW's engineering and compliance manager, who does not elaborate or explain how he knows these alleged facts.

## II.  **Analysis**

In support of their motion to enjoin Burley and Dubrava from challenging the permit for the tower in state court, ITW and the Town invoke the All Writs Act, which provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  ITW and the Town argue that enjoining such state-court proceedings is necessary and appropriate in aid of this court's jurisdiction because those proceedings seek to prevent them, "as settling parties, from performing in accordance with the concluding order" granting their motion to approve their settlement agreement.

Burley argues that this court lacks the power to grant this relief by virtue of the Anti-Injunction Act, which provides that a federal court "may not grant an injunction to stay proceedings in state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  The Anti-

Injunction Act is thus "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions."  Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 286 (1970).

ITW and the Town do not explain how the injunction they seek fits within any of the exceptions enshrined in the Anti-Injunction Act, i.e., that it is expressly authorized by Congress, necessary in aid of this court's jurisdiction, or necessary to protect or effectuate its judgment.  First, the All Writs Act itself does not amount to an act of Congress empowering federal courts to enjoin state-court litigation despite the Anti-Injunction Act; to the contrary, "[t]he All Writs Act is limited by the Anti-Injunction Act."  Sandpiper Vill. Condo. Ass'n v. La.-Pac. Corp., 428 F.3d 831, 842 (9th Cir. 2005); see also Bryan v. BellSouth Commc'ns, Inc., 492 F.3d 231, 236 (4th Cir. 2007); In re Diet Drugs Prods. Liab. Litig., 369 F.3d 293, 305 (3d Cir. 2004).  ITW and the Town do not identify any other federal statute by which Congress has "expressly authorized" this court to grant the relief they seek.

Second, while ITW and the Town imply otherwise--by arguing that the sought-after injunction would be "necessary or appropriate in aid of" this court's jurisdiction within the

meaning of the All Writs Act[1]--the "necessary in aid of its jurisdiction" exception to the Anti-Injunction Act does not apply here. As the court of appeals has observed, "[t]ypically, this exception has been applied in either in rem proceedings, or in cases where a state-court proceeding would interfere with ongoing federal oversight of a case," e.g., "school desegregation cases." Garcia v. Bauza-Salas, 862 F.2d 905, 909 (1st Cir. 1988) (citations omitted). This case does not fit into either of those categories. As noted at the outset, this court has subject-matter jurisdiction over the motion to enforce the settlement because the court approved its terms in ordering the entry of judgment in this case. But that approval did not require--nor did this court retain--the "ongoing federal oversight" of the sort necessary to satisfy the second exception to the Anti-Injunction Act. See, e.g., Sandpiper Vill., 428 F.3d at 843-47 (ruling that an injunction against a state-court suit for damages on a claim encompassed by a class action settlement did not satisfy the "necessary in aid of its jurisdiction" exception, even though the federal court had approved the settlement).

Third, the injunction ITW and the Town seek against state-court proceedings also does not fit within the "necessary to

---

[1] Because the Anti-Injunction Act bars the relief sought here, the court need not decide whether the relief would be "necessary or appropriate" under the All Writs Act.

protect or effectuate its judgments" exception.  The Supreme Court has observed that this so-called "relitigation exception was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court."  Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 147 (1988).  Because this exception is "founded in the well-recognized concepts of res judicata and collateral estoppel," id., "an essential pre-requisite for applying the relitigation exception is that the claims or issues which the federal injunction insulates from litigation in state proceedings actually have been decided by the federal court," id. at 148.

That prerequisite has not been satisfied here.  As discussed supra, Dubrava's state-court action raises the issue of whether the permit for the cellphone tower is void because it was issued in violation of New Hampshire's open meeting law, N.H. Rev. Stat. Ann. § 91-A:2, and similar statutory provisions.  In suggesting that this court has resolved that issue, the Town and ITW assert that the order approving their settlement "rejected Ms. Burley's arguments" that the proposed agreement violated the open meeting law.  But--in language ITW and the Town ignore, apparently in the hope that this court would neither remember nor bother to check what it previously said--this court declined to decide whether that "agreement to issue the required permit[] for the tower[] as a settlement of the[] lawsuit[] is in violation of state law

8

requiring land use permits to issue only as the result of public meetings and the like."[2]  2010 DNH 081, 11.  The issue that would be protected from relitigation by enjoining the state-court proceedings, then, was not "actually decided" by this court.  Indeed, it was expressly left undecided.

Furthermore, Burley did not join in the settlement that concluded the litigation in this court, purporting to object to it while noting that "there is no need for her claims to continue in this forum."  Courts disagree over whether the relitigation exception to the Anti-Injunction Act extends to claims that were not resolved in the federal action, but could have been, or is restricted to only those claims that were in fact "actually decided."  Compare, e.g., W. Sys., Inc. v. Ulloa, 958 F.2d 864, 870 (9th Cir. 1992) (taking the former position), with, e.g.,

---

[2] Instead, in their motion, ITW and the Town begin quoting from the court's order immediately after this language appears.  This quotation includes the court's discussion of Brehmer v. Planning Bd. of Town of Wellfleet, 238 F.3d 117 (1st Cir. 2001), on which this court relied as upholding "a district court's approval of a settlement agreement in a case under the TCA that called for the issuance of 'injunctive relief in the form of an order requiring that the wrongfully withheld permit issue,' despite objections that this course violated 'the procedural strictures of Massachusetts zoning law.'"  2010 DNH 081, 12 (quoting Brehmer, 238 F.3d at 118-21).  As this language makes clear, the court was citing Brehmer as authority for approving the settlement of a TCA case without regard to state-law "procedural strictures"--not as authority for ruling that those laws did not apply to, or were not violated by, the settlement.  Again, this court clearly stated that it "expresse[d] no views on the merits" of the state-law arguments.  Id. at 11.

Staffer v. Bouchard Transp. Co., 878 F.2d 638, 643 (2d Cir. 1989) (taking the latter position). While the First Circuit has not directly spoken on this question, it has ruled that the resolution of a federal lawsuit by way of a stipulated agreement among certain parties to the action does not support enjoining state-court suits by other parties to the action who did not enter into the stipulation. See De Cosme v. Sea Containers, Ltd., 874 F.2d 66, 68 (1st Cir. 1989).

Even if the relitigation exception does apply to claims that could have been brought in the federal action, however, it would not reach any claim by Burley that issuing the permit by way of the settlement agreement runs afoul of state law. As this court observed in its prior order, such a claim "was not ripe until [the Town] agreed to allow [ITW] to put up a cell tower as a settlement of the case and therefore could not have been asserted" before ITW and the Town reached that agreement. 2010 DNH 081, 7. And at that point, this court declined to consider any such claim because doing so was unnecessary to approving the settlement. Id. at 11-12. Accordingly, even under the most expansive reading recognized in the case law, the relitigation exception does not encompass the injunction that ITW and the Town seek against Burley here. See De Cosme, 874 F.2d at 868.

It follows that the relitigation exception also does not encompass the injunction that ITW and the Town seek against

Dubrava. It is worth noting, though, that even if there were some basis for applying the exception and enjoining Burley from proceeding with state-court litigation challenging the permit, there would still be no basis for so enjoining Dubrava, because he was never a party here. See Mar. Office of Am. Corp. v. Vulcan MV, 921 F. Supp. 368, 371-74 (E.D. La. 1996) (refusing to apply the relitigation exception to enjoin a state-court suit by a non-party to the federal suit). As to both collateral estoppel and res judicata, "the general rule" is "that one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." Taylor v. Sturgell, 553 U.S. 880, 893 (2008) (quotation marks omitted).

While this rule has a number of exceptions, the only one that could conceivably apply here is that "a party bound by a judgment may not avoid its preclusive force by relitigating through a proxy." Id. at 895. The Court has advised, though, "that courts should be cautious about finding preclusion on this basis. A mere whiff of tactical maneuvering will not suffice . . . . [P]reclusion is appropriate only if the . . . conduct of the suit is subject to the control of the party who is bound by the prior adjudication." Id. at 906 (quotation marks omitted).

Here, as discussed supra, Burley has submitted a sworn declaration attesting that she does not control Dubrava's state-

11

court suit challenging the permit, and ITW and the Town have countered only with statements--that do not appear to be supported by personal knowledge--that Burley "solicited" Dubrava to bring that action and that it is "to be funded" by her. Even if taken at face value, those statements do not show that the state-court litigation is "subject to [her] control" so as to bind Dubrava to the judgment concluding this action even though he was never a party to it.[3] See Restatement (Second) of Judgments § 39 cmt. *c* (1982) (to establish a party's "control" over a non-party so as to bind him to a prior judgment, "[i]t is not sufficient . . . that the [party] merely contributed funds or advice in support of the [non-party], [or] supplied counsel"). In any event, this court's judgment does not even bind Burley, as already discussed at length.

Finally, even if the relitigation exception applied, and this court could enjoin Burley or Dubrava from pursuing state-court challenges to the permit, both the Supreme Court and the court of appeals have cautioned that "'the fact an injunction may issue under the Anti-Injunction Act does not mean that it must issue.'" De Cosme, 874 F.2d at 69 (quoting Chick Kam Koo, 486 U.S. at 151). Before granting such extraordinary relief, the federal court should consider "the equitable requirements of

---

[3]They do, however, create a "whiff of tactical maneuvering," particularly because Burley does not deny them.

irreparable injury and inadequate remedy at law" as well as "principles of comity and federalism." Id.

Those considerations do not weigh in favor of issuing the requested injunction here, even putting aside the seemingly insurmountable bar posed by the Anti-Injunction Act. Apart from their expressions of outrage that Burley and Dubrava are "interfering with this court's jurisdiction and frustrating implementation" of the order approving the settlement, ITW and the Town do not explain how the injunction would prevent their irreparable injury or leave them with an inadequate remedy at law. Indeed, if this court's order approving the settlement agreement does prevent Burley or Dubrava from challenging the permit in state court, as ITW and the Town suggest, they can make that argument to the state court, which "is as well qualified as a federal court to protect a litigant by the doctrines of res ajudicata [sic] and collateral estoppel." De Cosme, 874 F.2d at 69 (quotation formatting altered). ITW and the Town have certainly offered no reason to think otherwise.[4]

---

[4]In fact, in another TCA case resolved by the entry of a consent decree calling for the issuance of a permit for a cellphone tower, this court recently relied on the same considerations in denying an abutter's request to lift the order approving the decree to prevent the settling parties from invoking it as a bar to a state-court action challenging the permit. Indus. Commc'ns & Elecs., Inc. v. Town of Alton, 2010 DNH 175. The court reasoned that, if the abutters wanted to argue over the preemptive effect of the order on their state-law claims, they should make that argument to the state court, not

### III. **Conclusion**

For the foregoing reasons, the motion by ITW and the Town for an injunction against Burley and Dubrava[5] is DENIED.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: October 14, 2010

cc: Lawrence M. Edelman, Esq.
    Robert M. Derosier, Esq.
    John T. Ratigan, Esq.
    Jeffrey C. Spear, Esq.

---

this one. Id. at 11 (citing Metheny v. Becker, 352 F.3d 458, 460-61 (1st Cir. 2003)). Naturally, just as in that case, this court expresses no views as to the merits of any such argument.

[5]Document no. 49.

14